UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – ORDER

Before the Court are two motions, including a Motion to Remand filed by plaintiff Nwamaka C. Oh ("Plaintiff") (Docket No. 20), and a Motion to Dismiss filed by defendant Navient Solution, LLC ("Navient" or "Defendant") (Docket No. 16). Both Motions are fully briefed. (Docket Nos. 18, 24–26.)[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for April 14 and April 28, 2025, have been vacated, and the matters taken off calendar.

**I.     Factual and Procedural Background**

This action arises out of two student loans serviced by Defendant (the "Loans"). In 2002, when Plaintiff was 20 years old, she executed promissory notes for two private Signature Student Loans (the "Loan Promissory Notes"). (Compl. at pg. 6.)[2] The Complaint alleges that

---

[1] Defendant filed an Opposition to Plaintiff's Motion to Remand (Docket No. 24.) Plaintiff's reply, if any, was due no later than April 7, 2025. See L.R. 7-10. On April 6, 2025, Plaintiff filed a Notice indicating that she had not been served with Defendant's Opposition. (Docket No. 26.) The Court then extended the time for Plaintiff to file her reply until April 21, 2025. (Docket No. 27.) To date, however, Plaintiff has not filed a reply.

[2] The Complaint alleges initially that Plaintiff signed one promissory note for the two Loans (see id. at pg. 6) but later clarifies that there were was a promissory note with respect to each Loan (see id. at pgs. 11-12). The Complaint includes screenshots of portions of the Loan Promissory Notes but does not attach full copies of them. In order to allow the Court to properly consider the claims in this action, the Court ordered the parties to file a copy of all loan documents referenced in the Complaint. (Docket No. 27.) In response to the Court's Order, Defendant filed copies of the two Loan Promissory Notes. (Docket No. 29.) The screenshots included in the Complaint match the contents of these Loan Promissory Notes. In ruling on a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

"at all relevant times, Navient was responsible for servicing Plaintiff's loans and managing her online loan account . . . ." (Id. at pg. 3.)[3/]

A section in each Loan Promissory Note asks the applicant to indicate whether the applicant has a co-borrower; Plaintiff selected "No" on one of the Loan Promissory Notes. (Id. at pg. 6; Docket No. 29 at pg. 6.) Despite this, Navient processed the Loans to reflect Plaintiff's mother as the co-borrower. (Compl. at pgs. 6-7.) The Complaint also alleges that the signatures on the Loan Promissory Notes are inconsistent, "leading to suspicion of possible forgery" and "calling into question the authenticity of at least one of the documents." (Id. at pg. 7, 11–12.) According to the Complaint, Plaintiff's mother "consistently opposed and contested the legitimacy of the loan for many years" and "expressed serious concerns regarding her alleged participation in the loan and its legitimacy." (Id. at pg. 7.)

At the top of each Loan Promissory Note, there is text stating, "Application and Promissory Note valid through May 2003." (Id. at pgs. 7, 9; see also Docket No. 29 at pgs. 6, 12.) Plaintiff claims that this language means the Loans themselves were only valid through May 2003 and that because the parties did not agree to extend the Loans, the Loans' "validity expired in May 2003." (Compl. at pgs. 7–8.) The Complaint appears to allege that Plaintiff made several payments toward the Loans after May 2003. (See id. at pg. 8.) Specifically, the Complaint alleges that "starting in the early 2000s when the loan would have become due," Navient "engaged in a consistent pattern of aggressive and intimidating calls and communications" regarding collection of the Loans, and that Plaintiff made payments on the Loans "in the face of threats to Plaintiff's credit score and the risk of aggressive collection actions." (Id. at pgs. 7–8.) Plaintiff alleges that Navient's calls caused her to "feel overwhelmed and discouraged from questioning the legitimacy of the loan or seeking legal counsel to investigate the matter sooner." (Id. at pg. 7.)

In 2024, Plaintiff received an email notifying her that the Loans would be transferred to MOHELA, a third-party loan servicer. (Id. at pg. 10.) Plaintiff claims that the Loan Promissory Notes "do[] not explicitly provide consent for such a transfer, either from the Plaintiff or from

---

motion to dismiss, the Court may take judicial notice of documents incorporated by reference into the pleadings. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Accordingly, the Court takes judicial notice of the Loan Promissory Notes filed by Defendant.

[3/]   The Loan Promissory Notes identify the lender as Sallie Mae. (See Compl. Ex. 1; Docket No. 29.) Defendant represents that it is a subsidiary of Sallie Mae and that Sallie Mae assigned the processing of the Loans to it. (See Motion to Dismiss at pg. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

the cosigner," and that "[t]here is no clause in the [Loan Promissory Notes] that clearly authorizes the transfer of the loan to MOHELA." (Id.)  The Complaint alleges that Defendant's transfer of the Loans to MOHELA was improper because Defendant "failed to provide adequate notice or obtain explicit consent from Plaintiff" before transferring the loan, and because the "transfer was done without proper validation of the [co-borrower's] agreement" (Id. at pg. 15.) Plaintiff alleges that the transfer hindered her ability to challenge the enforceability of the Loans. (See id. at pg. 17.)

Based on the above allegations, Plaintiff asserts the following claims: (1) breach of contract; (2) fraudulent misrepresentation; (3) "violation of consumer protection laws," (specifically citing the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.); (4) negligence; and (5) unfair business practices, in violation of California Business & Professional Code § 17200 ("UCL").  Plaintiff seeks compensatory damages totaling $1.5 million and punitive damages of $1 million.  (See id. at pg. 18.)

Plaintiff initiated this action in the Los Angeles Superior Court on January 22, 2025.[4/] Defendant removed the case to federal court on March 5, 2025, alleging that the Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 & 1332.  Defendant filed its Motion to Dismiss on March 12, 2025.  Plaintiff filed her Motion to Remand on March 19, 2025.  On the same date, Plaintiff filed a "Motion to Stay Defendant's Motion to Dismiss and Scheduling Conference Pending Resolution of Jurisdiction," in which Plaintiff sought, among other things, to stay proceedings on the Motion to Dismiss pending a ruling on her Motion to Remand.  The Court issued an order on March 20, 2025, in which it confirmed that it would rule on Plaintiff's Motion to Remand before ruling on Defendant's Motion to Dismiss.  (Docket No. 23.)  The Court now considers each motion in turn.

**II.     Motion to Remand**

  **A.     Legal Standard**

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The

---

[4/]     According to the Complaint, prior to filing the instant action, Plaintiff initiated arbitration in JAMS in September 2024, and the arbitration concluded in January 2025, when the arbitrator granted Navient's motion to dismiss.  (See id. at pgs. 4–6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Under 28 U.S.C. § 1332, the Court has original jurisdiction over civil actions where there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 both at the time of the filing of the action and at time of removal. See 28 U.S.C. § 1332(a); see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

**B.     Discussion**

Defendant alleges in its Notice of Removal ("NOR") that the Court possesses both diversity and federal question jurisdiction over this action. First, Defendant alleges that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

Court has diversity jurisdiction over the action because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000. Specifically, Defendant alleges that it is a citizen of Delaware and Virginia because it is an LLC whose sole member is Navient Corporation, which Defendant alleges is a Delaware corporation with principal place of business in Virginia. (See NOR ¶ 2.) Defendant affirmatively alleges that "Plaintiff is a citizen of the state of California." (Id.) With respect to the amount in controversy, Defendant points to the Complaint's demand for $2.5 million in compensatory and punitive damages. (See id.; see also Compl. at pg. 18.) Second, Defendant alleges that the Court has federal question jurisdiction because the Complaint asserts a claim for relief under TILA. (See NOR ¶ 3.)

      Plaintiff appears to argue that the Court lacks diversity jurisdiction over this case based on Defendant's business activities in California. Plaintiff argues that Defendant conducts significant business in California, servicing at least 1.5 million student borrowers in California and is actively litigating multiple lawsuits in California state court. (See id. at pgs. 4–5.) Plaintiff also argues that Defendant is a forum defendant within the meaning of 28 U.S.C. § 1441(b) and is therefore barred from removing this action. Specifically, Plaintiff claims that Defendant is a citizen of California because it is registered with the California Secretary of State as an out-of-state LLC. (See id. at pg. 5; Ex. C.) Finally, Plaintiff argues that removal is improper because Defendant previously consented to arbitration in California in connection with Plaintiff's claims. (See id. at pgs. 5–6.)

      Each of Plaintiff's arguments is misplaced. As explained above, for purposes of diversity jurisdiction, an LLC is a citizen of each state of which its members are citizens, and a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. Here, Defendant alleges that it is an LLC and that its sole member is a Delaware corporation with principal place of business in Virginia. (NOR ¶ 2.) Thus, Defendant has adequately alleged that it is a citizen of Delaware and Virginia. None of Plaintiff's assertions call into question Defendant's citizenship. That Defendant conducts business in California does not suffice to show that its principal place of business is in California, and neither Defendant's registration with the California Secretary of State as an out-of-state LLC nor its prior consent to arbitrate in California have any bearing on its citizenship. Further, Plaintiff does not contest Defendant's allegation regarding her California citizenship. Thus, because Defendant plausibly alleges complete diversity between the parties, and because Plaintiff fails to offer any sufficient argument or evidence to the contrary, Plaintiff is not entitled to remand on this basis.

      Plaintiff also argues that the Court lacks federal question jurisdiction over this action because "the majority of Plaintiff's claims are based on California state law," because "the TILA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

claim is not even the core of the case," and because her "state law claims do not depend on TILA for resolution." (Motion to Remand at pgs. 6–7.) The Complaint in this action repeatedly alleges violations of TILA, and TILA is the only law specifically identified in support of Plaintiff's third claim for "violation of consumer protection laws." (See, e.g., Compl. at pgs. 9, 13.) Further, regardless of whether Plaintiff's TILA claim is at the "core" of this case, Plaintiff does not dispute that the Complaint asserts a claim under TILA, a federal statute. Because the Complaint appears to assert a federal claim for relief, and Plaintiff does not argue otherwise, the Court appears to have federal question jurisdiction over the action. See Caterpillar, 482 U.S. at 392. Finally, even if Plaintiff were to withdraw her TILA claim, the Court would still possess diversity jurisdiction over this action for the reasons discussed above.

Accordingly, because the NOR adequately alleges the Court's subject matter jurisdiction, and because Plaintiff's Motion to Remand fails to raise any doubt as to Defendant's right of removal, Plaintiff's Motion to Remand must be denied.

**III.    Motion to Dismiss**

    **A.    Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

      **B.**    **Discussion**

Defendant moves to dismiss each claim in the Complaint on the grounds that (i) the claim is time-barred under the applicable statute of limitations; and (ii) the Complaint fails to state a viable claim for relief. (See Motion to Dismiss ("Motion") at pgs. 4–15.)

      **1.**    **Breach of Contract Claim**

Plaintiff's first claim for breach of contract is based on her allegations that Defendant sought repayment of the Loans from her even though the Loans were purportedly no longer enforceable after May 2003. (See Compl. at pgs. 8, 10.) Under California law, the statute of limitations for breach of a written contract is four years from the date of the alleged breach. Cal. Code Civ. P. § 337(a). While the Complaint does not make clear when Defendant first sought to collect payment on the Loans from Plaintiff, it alleges that the Loans "would have become due" at some point in the "early 2000s" and that Plaintiff made payments on the Loans. (Compl. at pgs. 7–8.) Thus, any purported breach by Defendant appears to have occurred at least twenty years before Plaintiff filed the instant action. Accordingly, the statute of limitations for Plaintiff's claim has expired.

Plaintiff appears to argue in Opposition that the doctrine of fraudulent concealment tolls the statute of limitations on this claim because Defendant "deliberately concealed the contract's expiration, misleading Plaintiff into making payments for 20 years." (See Opposition to Motion to Dismiss ("Opp'n") at pgs. 2–3.) The doctrine of fraudulent concealment tolls the statute of limitations where the defendant, "through deceptive conduct, has caused a claim to grow stale." Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1192 (2013). Here, however, Plaintiff fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

identify any deceptive conduct by Defendant that would have caused her claim to expire. In fact, Plaintiff's assertion that Defendant "concealed" the Loans' purported expiration date from her is directly contrary to her own allegations in the Complaint. The Complaint alleges that the Loans expired after May 2003 based on a statement written across the top of each Loan Promissory Note, but the Complaint makes clear that in 2002, Plaintiff herself completed and signed the Loan Promissory Notes displaying that statement. (See Compl. at pgs. 6, 10.) Thus, Plaintiff's claim that Defendant concealed that statement from her is unfounded. Accordingly, because the statute of limitations has expired for this claim, and because Plaintiff fails to show that she is entitled to tolling of the limitations period, this claim is time-barred.

### 2.      **Fraudulent Misrepresentation Claim**

Plaintiff's second claim for fraudulent misrepresentation is based on her allegations that Defendant improperly processed the Loans to include a co-borrower and failed to address inconsistencies in the signatures across the Loan Promissory Notes. (See Compl. at pgs. 11–12.) Under California law, the statute of limitations for claims sounding in fraud is three years. Cal. Code Civ. P. § 338(d). "The limitations period . . . runs from the moment a claim accrues." Aryeh, 55 Cal. 4th at 1191. A case based on fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." Cal. Civ. Proc. Code § 338(d); see also Britton v. Girardi, 235 Cal. App. 4th 721, 733, 185 Cal. Rptr. 3d 509, 518 (2015) ("The date a complaining party learns, or at least is put on notice, that a representation was false is the date the statute starts running.") (citation somitted).

Here, Defendant argues that Plaintiff had constructive notice of any purported fraudulent misrepresentation claim from the time the Loans were processed in 2002. (See Motion at pgs. 4–5.) Defendant also argues that the Complaint fails to allege any fraudulent misrepresentation by Defendant. (See id. at pgs. 9–10.) Plaintiff argues in Opposition that the doctrine of fraudulent concealment tolls the statute of limitations on this claim because Plaintiff "discovered the fraud in 2024" and because Defendant "deliberately concealed the contract's expiration, misleading Plaintiff into making payments for 20 years." (See Opp'n at pgs. 2–3.)

As an initial matter, the Court agrees with Defendant that the Complaint does not plausibly allege any underlying fraudulent misrepresentation by Defendant to support this claim. First, although Plaintiff indicated on one of the Loan Promissory Notes that she did not have a co-borrower, it is unclear how Defendant's incorrect processing of this Loan constituted fraud. Second while Plaintiff vaguely alleges that discrepancies in the signatures on the Loan Promissory Notes "lead[] to suspicion of possible forgery" and "call[] into question the authenticity of at least one of the documents" (Compl. at pgs. 7, 11), the Complaint does not allege that any signature *was actually forged*, nor does the Complaint allege facts to explain how

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

Defendant's efforts to enforce the Loans despite the alleged discrepancies in the signatures amounted to fraudulent misrepresentation.

Further, even if the Complaint adequately alleged a fraudulent misrepresentation claim, the facts alleged in the Complaint show that Plaintiff would have had actual or constructive notice of such a claim when the Loans were processed in 2002, and Plaintiff offers no plausible basis for tolling the statute of limitations. Plaintiff's sole argument in support of her fraudulent concealment theory is that Defendant "concealed the contract's expiration from her." (Opp'n at pg. 3.) As discussed above, however, this assertion is undermined by Plaintiff's own allegations in the Complaint. Moreover, this assertion is unrelated to the allegations that form the basis for Plaintiff's fraudulent misrepresentation claim. Accordingly, because the statute of limitations has expired for this claim, and because Plaintiff fails to show that she is entitled to tolling of the limitations period under the fraudulent concealment doctrine or on any other basis, this claim is time-barred.

### 3.     Violation of Consumer Protection Law Claim

Plaintiff's third claim for "violation of consumer protection laws" is based on alleged violations of TILA. Specifically, Plaintiff alleges that Defendant failed to provide her with a required disclosure statement. (Compl. at pg. 13.)[5] The statute of limitations for a TILA claim on a private education loan is "1 year from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e). The Complaint alleges that the Loans came due at some point in the early 2000s. (Compl. at pg. 7.) Thus, the statute of limitations for this claim expired several years ago. Because the statute of limitations has expired for this

---

[5]     In the Complaint, Plaintiff also points to a sentence in one of the Loan Promissory Notes stating, "If you, the co-borrower, reside in the state of . . . New York you are required to sign the attached 'Notice to Co-Borrower, Supplement to Application and Promissory Note' ["Notice"] Document. The Student's loan–if approved–will not be disbursed unless this requirement is met." (Compl. at pg. 14; see also Docket No. 29 at pg. 7.) Plaintiff alleges that the co-borrower resides in New York and that Defendant failed to obtain a signed Notice from the co-borrower. (See Compl. at pg. 14.) Based on these allegations, Plaintiff claims that Defendant violated New York state law and that this Loan is "obviously rendered unenforceable under applicable New York law." (Id.) However, to the extent that Plaintiff intended to assert a claim under any New York consumer protection law, the Complaint fails to identify the applicable law, to establish that Plaintiff has a private right of action under any such law, or to plausibly allege how Defendant's failure to obtained a signed Notice from the co-borrower constituted a violation of said law. Accordingly, the Court construes this claim as being asserted under TILA only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

claim, and because Plaintiff offers no basis for statutory or equitable tolling of the limitations period, this claim is time-barred.

      **4.**      <u>**Negligence Claim**</u>

Plaintiff's fourth claim for negligence appears to be based on the following alleged misconduct by Defendant: (i) processing the Loans with a co-borrower; (ii) failing to "ensure accurate record-keeping" and address discrepancies in the signatures on the Loan Promissory Notes; (iii) failing to provide disclosures alleged required under TILA and "failing to inform the Plaintiff adequately about her rights and obligations under the loan agreement"; and (iv) failing to provide adequate notice to, or obtain consent from, Plaintiff before transferring the Loans to MOHELA. (<u>See</u> Compl. at pg. 15.)

The statute of limitations in California for personal injuries, including negligence, is two years. Cal. Civ. Pro. Code § 335.1; <u>Deuschel v. Bayer Healthcare Pharms., Inc.</u>, 692 F. Supp. 3d 985, 989 (C.D. Cal. 2023). The accrual date is the date on which the plaintiff suffers actual and appreciable harm, or the date on which the plaintiff discovers or could have discovered the injury and the cause through the exercise of reasonable diligence. <u>S.F. Unified Sch. Dist. v. W.R. Grace & Co.</u>, 37 Cal. App. 4th 1318, 1326, 44 Cal. Rptr. 2d 305 (1995). Here, with the exception of Defendant's alleged transfer of the Loans to MOHELA in 2024, all allegations in the Complaint relate to alleged injuries that occurred at or around the time of the Loan's inception. As such, to the extent Plaintiff's negligence claim is based on those alleged events, her claim expired years ago. Because Plaintiff offers no basis for statutory or equitable tolling, any negligence claim based on those allegations is time-barred.

With respect to the transfer of the Loans to MOHELA, the Complaint fails to allege facts to support a viable negligence claim. To state a claim for negligence, a plaintiff must allege: "(1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." <u>Black v. City of Blythe</u>, 562 F. Supp. 3d 820, 832 (C.D. Cal. 2022) (quoting <u>Brown v. Ransweiler</u>, 171 Cal. App. 4th 516, 534 (2009)). "Duty is not universal; not every defendant owes every plaintiff a duty of care. A duty exists only if the plaintiff's interests are entitled to legal protection against the defendant's conduct . . . ." <u>Gray v. JPMorgan Chase Bank, N.A.</u>, 661 F. Supp. 3d 991, 995 (C.D. Cal. 2023) (quoting <u>Sheen v. Wells Fargo Bank, N.A.</u>, 12 Cal. 5th 905, 920, 290 Cal. Rptr. 3d 834, 505 P.3d 625 (2022)).

Here, although the Complaint alleges in a conclusory manner that Defendant "owed the Plaintiff a duty of care to act in good faith and reasonable diligence in all loan-servicing matters" (Compl. at pg. 14), the Complaint does not adequately allege a legal duty of care in connection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

with the transfer of the Loans to MOHELA. On the contrary, the facts alleged in the Complaint suggest that no such duty existed. "Under California law, 'as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" Anderson v. Deutsche Bank Nat. Tr. Co. Americas, 649 F. App'x 550, 552 (9th Cir. 2016) (quoting Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1095, 283 Cal. Rptr. 53, 56 (Ct. App. 1991)); see also Sheen, 12 Cal. 5th at 927 (holding that lender did not owe any duty to borrower to process, review, and respond carefully and completely to borrower's loan modification application). Here, because there are no facts alleged in the Complaint to suggest that Defendant's role in the Loans exceeded the scope of its conventional role as a mere lender of money, there is no basis on which to conclude that Defendant owed Plaintiff a duty of care in connection with the Loans. Thus, to the extent Plaintiff's negligence claim is not barred by the statue of limitations, her claim is subject to dismissal for failure to state a viable claim for negligence.

       5.      **UCL Claim**

Plaintiff's fifth claim for violation of California's UCL is based on four alleged acts of misconduct by Defendant, including: (i) processing the Loans with a co-borrower, (ii) failing to provide disclosures allegedly required under TILA; (iii) transferring her Loans to MOHELA "under ambiguous and invalid circumstances"; and (iv) "[e]ngaging in predatory lending practices that intentionally obscure loan terms and obligations, depriving Plaintiff . . . of [her] legal rights to clarity and transparency . . . ." (Compl. at pg 17.)

"Any action to enforce any cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. Here, with the exception of the alleged transfer of the Loans to MOHELA in 2024, all allegations in the Complaint relate to events that occurred at or around the time of the Loan's inception in 2002. As such, to the extent Plaintiff's UCL claim is based on those alleged events, her claim expired years ago. Because Plaintiff offers no basis for statutory or equitable tolling, any UCL claim based on those allegations is time-barred.

With respect to the transfer of the Loans to MOHELA, the Complaint does not allege facts to support a viable claim. To bring a UCL claim, a plaintiff must show either (1) an "unlawful, unfair, or fraudulent business act or practice," or (2) "unfair, deceptive, untrue or misleading advertising." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003), as amended (Sept. 22, 2003) (quoting" Cal. Bus. & Prof. Code § 17200). The UCL "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

4th 163, 180, 973 P.2d 527, 539–40 (1999) (citation and internal quotations omitted). To have standing to assert a UCL claim, a plaintiff must alleged facts to show that she "suffered injury in fact" and "lost money or property" as the result of the alleged unfair practice. Johnson v. GlaxoSmithKline, Inc., 166 Cal. App. 4th 1497, 1513, 83 Cal. Rptr. 3d 607, 621 (2008) (citing Cal. Bus. & Prof. Code § 17200), as modified on denial of reh'g (Oct. 14, 2008).

      Here, nothing alleged in the Complaint shows an unlawful, unfair, or fraudulent business practice by Defendant. In fact, although Plaintiff claims that Defendant was not authorized to transfer the Loans to MOHELA without Plaintiff's consent, her assertion is undercut by the terms of the Loans themselves, each of which requires the borrower to agree to the following: "If this Note is assigned, the assignee will become the owner of this Note and as my creditor will have all your rights to enforce this Note against me." (Docket No. 29 at pgs. 9, 14.) Moreover, the Complaint fails to allege facts to adequately explain how the transfer of the Loans caused Plaintiff to lose money or property and thus fails to establish Plaintiff's standing to assert a UCL claim. As such, to the extent Plaintiff's UCL claim is not barred by the statue of limitations, her claim is subject to dismissal for failure to state a claim.

      **C.**      <u>**Leave to Amend**</u>

      When assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (internal citations and quotations omitted).

      Here, Plaintiff did not request leave to amend, and nothing in Plaintiff's Opposition suggests that she could provide additional facts sufficient to state a plausible claim. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Each of the claims asserted in the Complaint is barred in whole or in part by the applicable statute of limitations, and amendment of claims barred by the statute of limitations would be futile. See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008). While Plaintiff's negligence and UCL claims appear to be based in part on alleged events that occurred within the applicable limitations periods, the Complaint fails to allege facts to establish the elements of either claim. Moreover, Plaintiff offered no argument in support of either of those claims in her Opposition, suggesting Plaintiff cannot state a viable negligence or UCL claim. See Tatum v. Schwartz, No. Civ. S-06-01440-DFL-EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb.5, 2007) (concluding plaintiff "tacitly concede[d]" a claim "by failing to address defendants' argument in her opposition").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1945 PA (SKx) | Date | May 1, 2025 |
|---|---|---|---|
| Title | Nwamaka C. Oh v. Navient Solutions, LLC | | |

      Accordingly, the Court concludes that Plaintiff cannot cure the defects in the Complaint and that any amendment would be futile.  See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal.") (citation omitted); see Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

### Conclusion

      For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand.  The Court grants Defendant's Motion to Dismiss the Complaint without leave to amend and dismisses this action with prejudice.  The Scheduling Conference on calendar for May 5, 2025 is vacated.  The Court will enter a Judgment consistent with this Order.

      IT IS SO ORDERED.